ALLEN MORTON & CO., ET AL., v. OLIVER CROMWELL, ET AL.

**Statute of Limitations.**

The statute of limitations is a complete bar to an action to set aside a deed for fraud, where the deed was made and delivered more than ten years before the suit was commenced.

APPEAL FROM GRAVES CIRCUIT COURT.

March 5, 1877.

OPINION BY JUDGE COFER:

So much of this action as sought to have the deed from Cromwell to Burnett adjudged fraudulent was clearly barred by the statute of limitations. The deed was made and delivered more than ten years before this suit was commenced, and it is therefore not important whether the appellants discovered the fraud but recently before they commenced their suit. The limitation of actions for relief against fraud is five years from its commission, or from the time it is discovered, provided the suit be brought within ten years after the perpetration of the fraud. Secs. 2, 5, Art. 3, Chap. 63, Rev. Stat.

We do not concur with the appellants' counsel in their conclusion that the statute does not apply to this case. The action was for relief on the ground of fraud, and if it be not, then the case is covered by Sec. 8 of the same article and chapter, which provides that an action not provided for by the chapter on limitations, or in some other chapter, shall be commenced within ten years next after the cause of action accrued. The appellants' cause of action certainly accrued when the conveyance was made, whether they knew of the conveyance or not. The right to sue was not dependent upon knowledge on their part that a cause of action existed.

But a careful examination of the record has left little doubt upon our minds that the conveyance was fraudulent, and the conduct of the parties shows that the property has all the time been held and treated as the property of Cromwell. He kept possession and used and controlled it as his own, he leased it to Jones and collected the rent and contracted to sell it to the church trustees as his own, and contracted with them to pay him for it, and all this with the knowledge of Burnett, who on more than one occasion, at least, impliedly recognized Cromwell as the owner.

The title was not in him, but in his confessedly fraudulent grantee, who, by conveying to the trustees at Cromwell's request and for his benefit, recognized Cromwell as the owner. Burnett had no right to the land or its proceeds which he could have enforced against either Hatchcock or Cromwell, to whom Hatchcock consented that the purchase money might be paid. As between Burnett and Hatchcock the latter had a right to the proceeds, and as Hatchcock does not assert his claim the right passed from him to Cromwell, and Burnett, standing as he does between two fraudulent conveyances, has no

claim in law or equity to the money due for the lots, and as the money by the consent of Hatchcock belongs to Cromwell, Cromwell's creditors should have it.

The claim that Cromwell acted in the matter as the agent of Burnett is an afterthought, and is wholly unsustained by the evidence.

The judgment is, therefore, *reversed,* and the cause is remanded for a judgment subjecting the unpaid purchase money due from the trustees of the church to the appellants' debt.

No cost will be taxed against Demering, Smith and Demering.

*W. W. Robertson, for appellants.   L. Anderson, for appellees.*